UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRANDON M. ORAVETZ,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br>J. PARR,<br>　　　　　　　　　Defendant. | Case No. 3:19-cv-00530-MMD-WGC<br><br>ORDER |

Plaintiff has filed two identical motions for a preliminary injunction and a temporary restraining order. (ECF Nos. 12, 13 ("Motions").) In the Motions, Plaintiff requests that ten separate individuals, none of them named Defendants in this action, be prohibited from chemically altering his food or water, and that these same ten individuals also be prohibited from working in Plaintiff's unit. (ECF No. 12 at 1-2.) The Court will deny the Motions because the Motions are not based on claims alleged in this case, and do not involve Defendants named in this case.

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). Further, "[a] court's equitable power lies only over the merits of the case or controversy before it. When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).

1    In his Complaint, Plaintiff brings a claim of excessive use of force against
2 Defendant Parr and seven John Does. (ECF No. 1-1.) But the Motions request preliminary
3 injunctive relief based on claims not pled in the Complaint, namely claims that correctional
4 officers have been tampering with his food and water. The Motions also request injunctive
5 relief against individuals who are not parties to this case. The Court does not have the
6 authority to issue such an injunction. *See Pac. Radiation Oncology*, 810 F.3d at 633.
7 Thus, the Court must deny Plaintiff's Motions.
8    It is therefore ordered that Plaintiff's motions for a preliminary injunction and a
9 temporary restraining order (ECF Nos. 12, 13) are denied.
10    DATED THIS 24th Day of November 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE