# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

BRANDON M. ORAVETZ,

    Plaintiff

v.

J. PARR, et. al.,

    Defendants

Case No.: 3:19-cv-00530-MMD-WGC

**Order**

Re: ECF No. 19

Before the court is Defendants' motion for leave to file Exhibits A, B, C, D, and E Under Seal in Support of Defendants' Opposition to Plaintiff's Motion for Appointment of Counsel. (ECF No. 19.)

In this motion, Defendants seek to file under seal exhibits containing Plaintiff's medical records as well as documents related to his criminal case in connection with their opposition to Plaintiff's motion for appointment of counsel.  Exhibit A is the amended judgment of conviction reflecting a plea of guilty but mentally ill entered in his criminal case. (ECF No. 20-1.) Exhibit B contains Plaintiff's mental health records. (ECF No. 24.) Exhibit C is the pre-sentence investigation report from his criminal case. (ECF No. 20-2.) Exhibit D is his guilty plea agreement filed in his criminal case. (ECF No. 20-3.) Exhibit E is Plaintiff's submission made in his criminal case to support his plea of guilty but mentally ill. (ECF No. 20-4.) Attachments to that submission include Plaintiff's psychiatric treatment  records (ECF No. 20-4 at 6-31.)

"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks and citation omitted).

"'Throughout our history, the open courtroom has been a fundamental feature of the American judicial system. Basic principles have emerged to guide judicial discretion respecting public access to judicial proceedings. These principles apply as well to the determination of whether to permit access to information contained in court documents because court records often provide important, sometimes the only, bases or explanations for a court's decision.'" *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025 (9th Cir. 2014) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983)).

Documents that have been traditionally kept secret, including grand jury transcripts and warrant materials in a pre-indictment investigation, come within an exception to the general right of public access. *See Kamakana*, 447 F.3d at 1178. Otherwise, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks and citation omitted). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016), *cert. denied*, 137 S.Ct. 38 (Oct. 3, 2016) (quoting *United States v. Amodeo (Amodeo II)*, 71 F.3d 1044, 1048 (2nd Cir. 1995); *Valley Broad Co. v. U.S. Dist. Ct.*, *D. Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1986)).

There are two possible standards a party must address when it seeks to file a document under seal: the compelling reasons standard or the good cause standard. *Center for Auto Safety*, 809 F.3d at 1096-97. Under the compelling reasons standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1179). The court must "'conscientiously balance[ ] the competing interests of the public and the party who seeks to keep

certain judicial records secret.'" *Id.* "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id.* (quoting *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 599 (1978)). "Examples include when a court record might be used to 'gratify private spite or promote public scandal,' to circulate 'libelous' statements, or 'as sources of business information that might harm a litigant's competitive standing.'" *Id.*

The good cause standard, on the other hand, is the exception to public access that has been typically applied to "sealed materials attached to a discovery motion unrelated to the merits of the case." *Id.* (citation omitted). "The 'good cause language comes from Rule 26(c)(1), which governs the issuance of protective orders in the discovery process: The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Id.*

The Ninth Circuit has clarified that the key in determining which standard to apply is whether the documents proposed for sealing accompany a motion that is "more than tangentially related to the merits of a case." *Center for Auto Safety*, 809 F.3d at 1101. If that is the case, the compelling reasons standard is applied. If not, the good cause standard is applied.

Here, Defendants seek to file exhibits under seal in connection with their opposition to Plaintiff's motion for appointment of counsel, which is only tangentially related to the merits of the case. Therefore, the good cause standard applies.

This court, and others within the Ninth Circuit, have recognized that the need to protect medical privacy qualifies as a "compelling reason" for sealing records. *See, e.g., San Ramon Regional Med. Ctr., Inc. v. Principal Life Ins. Co.*, 2011 WL89931, at *n.1 (N.D. Cal. Jan. 10, 2011); *Abbey v. Hawaii Employers Mut. Ins. Co.*, 2010 WL4715793, at * 1-2 (D. HI. Nov. 15, 2010); *G. v. Hawaii*, 2010 WL 267483, at *1-2 (D.HI. June 25, 2010); *Wilkins v. Ahern,* 2010

WL3755654 (N.D. Cal. Sept. 24, 2010); *Lombardi v. TriWest Healthcare Alliance Corp.*, 2009 WL 1212170, at * 1 (D.Ariz. May 4, 2009). This is because a person's medical records contain sensitive and private information about their health. While a plaintiff puts certain aspects of his medical condition at issue when he files an action alleging deliberate indifference to a serious medical need under the Eighth Amendment, that does not mean that the entirety of his medical records filed in connection with a motion (which frequently contain records that pertain to unrelated medical information) need be unnecessarily broadcast to the public. In other words, the plaintiff's interest in keeping his sensitive health information confidential outweighs the public's need for direct access to the medical records.

It is appropriate to seal Exhibit B containing Plaintiff's mental health records (ECF No. 24), and Exhibit E, which contains Plaintiff's psychiatric treatment records (ECF No. 20-4). Therefore, the motion will be granted as to Exhibits B and E.

Exhibit C is Plaintiff's pre-sentence investigation report. (ECF No. 20-2) The pre-sentence investigation report is not publicly filed, and contains a host of sensitive information, including information concerning his psychiatric history, but also other sensitive information that is not relevant to the motion for appointment of counsel; therefore, it is appropriate to seal Exhibit C (ECF No. 20-2).

Exhibit A is Plaintiff's amended judgment of conviction which appears to be a publicly filed document, and Defendants have expressed no good cause justification for sealing it; therefore, the motion will be denied with respect to Exhibit A (ECF No. 20-1). Exhibit D is Plaintiff's guilty plea agreement filed in his criminal case. Like the amended judgment of conviction, this appears to be a publicly filed document and Defendants assert no reason for sealing this record. Therefore, the motion will be denied as to Exhibit D (ECF No. 20-3).

**CONCLUSION**

Defendants' motion (ECF No. 19) is **GRANTED** with respect to Exhibit B (ECF No. 24), Exhibit C (ECF No. 20-2), and Exhibit E (ECF No. 20-4), which should remain **sealed**; however, the motion is **DENIED** as to Exhibits A (ECF No. 20-1) and D (ECF No. 20-3), which the Clerk shall **unseal.**

**IT IS SO ORDERED**.

Dated: December 21, 2020

William G. Cobb
United States Magistrate Judge