1

2

3

4

5

6

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

7   BRANDON M. ORAVETZ,

8        Plaintiff,

9   v.

10   J. PARR, *et al.*,

11        Defendants.

Case No.: 3:19-cv-00530-MMD-WGC

**ORDER**

Re: ECF No. 11

12

13        Before the court is Plaintiff's Motion for Appointment of Counsel (ECF No. 11). Defendant

14   has opposed Plaintiff's motion (ECF No. 18) and there has been no reply memorandum filed by

15   Plaintiff.

16        Plaintiff bases his motion on the fact that (1) he is unable to afford counsel and has

17   been granted to proceed *in forma pauperis*, (2) Plaintiff "was adjudicated guilty but mentally ill

18   per C-266115-1 and would create problems litigating," (3) his incarceration will greatly limit his

19   ability to effectively litigate his case, (4) the procedural matters in this case are too complex for

20   Plaintiff's comprehension and abilities, (5) Plaintiff "has limited access to the law library and

21   limited knowledge of the law," and (6) Plaintiff has made repeated efforts to obtain a lawyer. (*Id*.

22   at 1, 2.)

23   / / /

1    While any *pro se* inmate such as Mr. Oravetz would likely benefit from services of counsel,

2  that is not the standard this court must employ in determining whether counsel should be appointed.

3  *Wood v. Housewright*, 900 F.2d 1332, 1335-1336 (9th Cir. 1990).

4    A litigant in a civil rights action does not have a Sixth Amendment right to appointed

5  counsel.  *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).  The United States Supreme

6  Court has generally stated that although Congress provided relief for violation of one's civil rights

7  under 42 U.S.C. § 1983, the right to access to the courts is only a right to bring complaints to

8  federal court and not a right to discover such claims or even to litigate them effectively once filed

9  with a court. *Lewis v. Casey*, 518 U.S. 343, 354-355 (1996).

10    In very limited circumstances, federal courts are empowered to request an attorney to

11 represent an indigent civil litigant.  The circumstances in which a court will grant such a request,

12 however, are exceedingly rare, and the court will grant the request under only extraordinary

13 circumstances.  *United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-800 (9th Cir. 1986);

14 *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

15    A finding of such exceptional or extraordinary circumstances requires that the court

16 evaluate both the likelihood of Plaintiff's success on the merits and the *pro se* litigant's ability to

17 articulate his claims in light of the complexity of the legal issues involved. Neither factor is

18 controlling; both must be viewed together in making the finding.  *Terrell v. Brewer*, 935 F.2d 1015,

19 1017 (9th Cir. 1991), *citing Wilborn, supra,* 789 F.2d at 1331. Thus far, Plaintiff has been able to

20 successfully articulate his claims by filing a complaint (ECF No. 1), a motion for preliminary

21 injunction and temporary restraining order (ECF Nos. 12 and 13), a motion for appointment of

22 counsel (ECF No. 11), and participation in the Early Mediation Conference (ECF No. 7).

23

2

1    Plaintiff contends that his adjudication in his previous criminal Judgment of Conviction of

2  "guilty but mentally ill" would make it difficult for him to litigate this case. (ECF No. 11 at 1.)

3  Defendant acknowledges that Plaintiff has been previously adjudicated "guilty but mentally ill."

4  (ECF No. 18 at 3.) Defendant also acknowledges that Plaintiff has some mental issues and has

5  filed Plaintiff's sealed mental health records which reflects that Plaintiff suffers from Bipolar

6  Disorder and is being treated with medication. (ECF No. 24, Exhibit B.) However, Defendant

7  denies that Plaintiff's previous adjudication and mental health issues will cause problems for

8  Plaintiff with representing himself in this case. The court agrees.

9    In the matter of a case's complexity, the Ninth Circuit in *Wilborn* noted that:

10
> If all that was required to establish successfully the
> complexity of the relevant issues was a demonstration of
11
> the need for development of further facts, practically all
> cases would involve complex legal issues. Thus,
12
> although Wilborn may have found it difficult to
> articulate his claims *pro se*, he has neither demonstrated
13
> a likelihood of success on the merits nor shown that the
> complexity of the issues involved was sufficient to
> require designation of counsel.
14

15    The Ninth Circuit therefore affirmed the District Court's exercise of discretion in denying

16  the request for appointment of counsel because the Plaintiff failed to establish the case was

17  complex as to facts or law. 789 F.2d at 1331.

18    The substantive claims involved in this action are not unduly complex. Plaintiff's

19  Complaint was allowed to proceed on the excessive force claim against Defendant Parr and

20  Defendants John Doe 1-7. (ECF No. 4 at 5.)  These claims are not so complex that counsel needs

21  to be appointed to prosecute them.

22    Similarly, with respect to the *Terrell* factors, Plaintiff has failed to convince the court of

23  the likelihood of success on the merits of his claims.   Plaintiff has not provided any evidence, nor

1  has he made any argument in his motion for appointment of counsel, showing that he is likely to

2  prevail on the merits of his claim.

3          In the exercise of the court's discretion, it **DENIES** Plaintiff's Motion for Appointment of

4  Counsel (ECF No. 11).

5          **IT IS SO ORDERED.**

6          Dated: January 4, 2021.

7  _____
   WILLIAM G. COBB
8   UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23