# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

BRANDON M. ORAVETZ,

    Plaintiff

v.

J. PARR, et. al.,

    Defendants

Case No.: 3:19-cv-00530-MMD-WGC

**Order**

Re: ECF No. 75

    Before the court is Plaintiff's second request for an extension of time to file a response to defendant Parr's motion for summary judgment. (ECF No. 75.)

    Plaintiff is an inmate incarcerated within the Nevada Department of Corrections (NDOC), who filed a civil rights complaint under 42 U.S.C. § 1983. (ECF No. 1-1.) The court screened the complaint and allowed Plaintiff to proceed with an Eighth Amendment excessive force claim against defendant Jacob Parr. (ECF No. 4.) Plaintiff alleges that he was in his cell with his hands handcuffed behind his back and waiting to have his legs shackled when Parr opened the cell door and attacked Plaintiff by smashing his head into the ground and punching Plaintiff in the face repeatedly.

    On August 20, 2021, Parr filed a motion for summary judgment arguing that he did not use excessive force against Plaintiff, or alternatively, he is entitled to qualified immunity. (ECF Nos. 63, 63-1 to 63-8.)

    On September 2, 2021, Plaintiff filed a motion requesting an additional 45 days to file his response to Parr's motion for summary judgment. (ECF No. 72.) The court granted the motion and gave Plaintiff until October 25, 2021, to file his response. (ECF No. 73.)

On October 26, 20217, Plaintiff filed a second motion for another 45-day extension of time to file his response. As with the first motion, he states that due to Covid-19 restrictions in the prison, he is not allowed to go to the library to do his own research. He further states that discovery is not complete because caseworkers have been unable to access the DVD on the computer. He represents that he was told that HDSP notified the Attorney General's Office, but to date nothing has been done. (ECF No. 75.)

Defendant Parr's motion accurately sets out the standard of review for a motion for summary judgment as well as the standard for an Eighth Amendment claim for excessive force, and the general standard for qualified immunity. This case does not involve a dispute as to the law, as the law is well settled, but will come down to the parties' versions of the facts and whether Plaintiff raises a genuine dispute as to a material fact regarding whether Parr used excessive force. Accordingly, the court does not find that an extension of an additional 45 days is warranted, particularly where Plaintiff has already had 66 days to file a response.

Plaintiff has **14 days,** until **November 10, 2021,** to file his response to Parr's motion for summary judgment.  The Attorney General's Office shall ensure that Plaintiff is *immediately* provided sufficient time to review the exhibits filed under seal AND that he is able to review a copy of the DVD filed in support of Parr's motion, so that he may timely file his response to the motion. Parr's reply brief is due on or before **November 18, 2021**.

**THERE WILL BE NO FURTHER EXTENSIONS.**

**IT IS SO ORDERED**.

Dated: October 27, 2021

_____
William G. Cobb
United States Magistrate Judge