UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

BRANDON M. ORAVETZ,

Plaintiff,

v.

J. PARR,

Defendant.

Case No. 3:19-cv-00530-MMD-CSD

ORDER

## I.  SUMMARY

*Pro se* Plaintiff Brandon M. Oravetz, who is currently incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), filed this case under 42 U.S.C. § 1983 arising from events that occurred while he was incarcerated at Ely State Prison ("ESP"), alleging that Defendant J. Parr violated his Eighth Amendment right to be free from cruel and unusual punishment by unnecessarily beating him. (ECF Nos. 1-1, 4.) Before the Court is the Report and Recommendation of United States Magistrate Judge William G. Cobb[1] (ECF No. 83 ("R&R" or "Recommendation")), recommending the Court deny Parr's pending motion for summary judgment (ECF No. 63 ("Motion")) and dismiss the unserved Doe Defendants without prejudice.[2] Parr timely filed an objection to the R&R (ECF No. 84 ("Objection")), and Oravetz filed a response to Parr's Objection (ECF No. 85). As further explained below, because the Court finds Parr's Objection unpersuasive and agrees with

---

[1] Judge Cobb retired after he issued the R&R. (ECF No. 86.) United States Magistrate Judge Craig S. Denney now presides over this case. (*Id.*)

[2] Neither party appears to object to Judge Cobb's recommendation to dismiss the unserved Doe Defendants without prejudice, which the Court accepts and adopts. (ECF No. 83 at 2 n.1, 11; *see also* ECF Nos. 84, 85 (declining to address the Doe Defendants).) The Court will accordingly dismiss the Doe Defendants without prejudice, and without further addressing them in this order.

Judge Cobb's analysis of the Motion, the Court will overrule the Objection, adopt the R&R, and deny the Motion.

**II.     BACKGROUND**

As noted, Oravetz is proceeding in this case on a single claim for violation of his Eighth Amendment right to be free from cruel and unusual punishment based on his allegation that Parr used excessive force on him while preparing to transfer Oravetz from one cell to another. (ECF No. 83 at 2.) Parr moves for summary judgment on this claim, "arguing that he did not utilize excessive force against Plaintiff, that Plaintiff's claim is *Heck*-barred, that Plaintiff's claim for injunctive relief is moot, and that he is entitled to qualified immunity." (*Id.*) The Court incorporates by reference Judge Cobb's recitation of the legal standard governing summary judgment motions. (*Id.* at 2-4.)

Judge Cobb first recommends the Court deny Parr's Motion because disputes of material fact preclude summary judgment on Oravetz's claim. (*Id.* at 7-9.) Judge Cobb explains that Oravetz's arguments in his response to Parr's Motion are consistent with Oravetz's allegations based on his personal knowledge in his verified complaint. (*Id.*) Because the Court must treat Oravetz's verified allegations as evidence, Judge Cobb essentially states that he cannot simply accept Parr's version of events and grant him summary judgment. (*Id.* at 7-8.) Judge Cobb further explains that the videos Parr proffered as exhibits with his Motion do not show Parr is entitled to summary judgment primarily because one cannot definitively tell from viewing them whether Oravetz mule-kicked Parr when Parr first opened Oravetz's cell door, nor can one see or hear what happened in Oravetz's cell when Oravetz alleges Parr was punching him in the head for no reason. (*Id.* at 8-9.)

Judge Cobb next recommends the Court reject Parr's argument that Oravetz's claim is *Heck*-barred because, while Oravetz was convicted of assault for the interaction giving rise to this case at ESP and given 180 days in disciplinary segregation, he was not referred for forfeiture of statutory good-time credits. (*Id.* at 9.) Judge Cobb accordingly notes that Oravetz's claim here could not affect the duration of his sentence. (*Id.*)

Judge Cobb then recommends the Court reject Parr's argument that he is entitled to qualified immunity because, viewing the facts in the light most favorable to Oravetz, a fact finder could conclude that Parr violated his Eighth Amendment rights, and it was clearly established at the time that an inmate has a right to be free from excessive force used maliciously and sadistically to cause harm. (*Id.* at 9-10.)

Judge Cobb finally recommends that Oravetz's request for injunctive relief that he not be sent back to ESP (he is no longer housed there) not be dismissed as moot because the evidence tends to show Oravetz could be transferred back to ESP. (*Id.* at 10-11.)

### III. LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* The Court's review is thus de novo because Parr filed his Objection. (ECF No. 84.)

### IV. DISCUSSION

To start, the Court agrees with and adopts Judge Cobb's analysis provided in the R&R. Parr raises several arguments in his Objection. (*Id.*) Though the Court finds none of them persuasive, the Court briefly addresses them here.

Parr first argues Judge Cobb erred when he mentioned several statements Parr and the other officers involved in attempting to transport Oravetz from one cell to another allegedly made—according to Oravetz in his verified complaint—in Judge Cobb's R&R. (ECF No. 84 at 3.) Parr argues these statements are inadmissible because they are hearsay. (*Id.*) The Court need not—and does not—rule on whether these statements are inadmissible hearsay because they are immaterial to the material factual disputes Judge

3

Cobb identified as precluding summary judgment.[3]

While Parr focuses on what Oravetz says Parr said to him, Oravetz's verified allegations about what Parr did to him are what matters here. Oravetz alleges in his verified complaint that Parr rushed into his cell and repeatedly punched him in the face for no reason. (ECF No. 1-1 at 4-5.) Parr says that Oravetz mule-kicked him, and then Parr "used the minimal amount of force to place the inmate face down on the ground and gain control." (ECF No. 63-1 at 4-5.) And Oravetz' claim is for excessive force. (ECF No. 4 at 4-5.) The material dispute is accordingly about what Parr did to Oravetz in the cell, and what Oravetz may have done to provoke Parr. What Parr was saying to Oravetz during this interaction may provide helpful context, but even if Parr said nothing to Oravetz during the whole interaction, he still could have repeatedly punched him in the face for no reason. A dispute of material fact accordingly remains.

Parr next relies on *Scott v. Harris*, 550 U.S. 372, 380 (2007) to argue that the videos he proffered with his Motion show he is entitled to summary judgment because the videos blatantly contradict Oravetz's verified allegations about what happened. (ECF No. 84 at 3-5.) But the Court, having watched the videos (ECF Nos. 63-2, 63-3), disagrees. The Court cannot say from its review of the videos either: (1) whether Oravetz mule-kicked Parr; or (2) what happened once Parr and the two officers who accompanied him entered the cell they were trying to move Oravetz from. It is equally plausible from the tier video (ECF No. 63-2) that Parr is punching Oravetz in the head for no reason, or that Parr is using the minimum force required to restrain Oravetz. The Court cannot see into the cell during the key seconds of the video or hear what happened therein. Indeed, somewhat contrastingly, and as shown in the CERT video (ECF No. 63-3),[4] there is no dispute that Oravetz left the

---

[3]Alternatively, "[i]nformation contained in an inadmissible form may still be considered on summary judgment if the information itself would be admissible at trial." *Am. Nat'l Prop. & Cas. Co. v. Stubbs*, 512 F. Supp. 3d 1132, 1134 n.2 (D. Nev. 2021) (citation omitted). Oravetz could presumably attempt to get Parr or his fellow Corrections Officers to admit while testifying at trial that they said these things. These statements would not be hearsay if the people who allegedly said them confirmed that they did at trial.

[4]This video does not show what happened inside the cell either.

interaction bleeding from a laceration above his eye. This injury suggests the interaction was violent, and accordingly tends to undermine Parr's version of events. In sum, unlike the video at issue in *Scott*, the videos Parr proffered with his Motion do not establish that Parr's version of events is correct.

Parr finally argues that Judge Cobb erred in his qualified immunity analysis because it "is too generalized, not taking the circumstances of this case into consideration." (ECF No. 84 at 5.) The Court disagrees. As Judge Cobb essentially states in his R&R, it was clearly established at the time of the interaction that Parr could not repeatedly punch Oravetz in the head or face for no reason. (ECF No. 83 at 10.) If Parr did, he would have violated one of Oravetz's Eighth Amendment rights. (*Id.*) But the Court cannot say whether he did based on the current record. *See supra.* Summary judgment is accordingly inappropriate—both on the merits of Oravetz's claim and whether Parr is entitled to qualified immunity. *See, e.g.*, *Sandoval v. Las Vegas Metro. Police Dep't*, 756 F.3d 1154, 1160 (9th Cir. 2014) ("If 'genuine issue[s] of material fact exist[ ] that prevent [ ] a determination of qualified immunity at summary judgment, the case must proceed to trial.'") (citation omitted).

The Court thus overrules Parr's Objection. The Court will therefore accept and adopt Judge Cobb's R&R in full.

**V.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of te issues before the Court.

It is therefore ordered that Parr's objection (ECF No. 84) to the Report and Recommendation of United States Magistrate Judge William G. Cobb is overruled.

It is further ordered that the Report and Recommendation of United States Magistrate Judge William G. Cobb (ECF No. 83) is accepted and adopted in full.

It is further ordered that Parr's motion for summary judgment (ECF No. 63) is

5

denied.

It is further ordered that all of the Doe Defendants are dismissed from this case without prejudice.

DATED THIS 16th Day of February 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE